IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JERRY GUMBERT,                )
                              )
          Plaintiff,          )
                              )
     v.                       ) Civil Action No. 08-1199
                              )
TIFFIN LOADER CRANE COMPANY,  )
                              )
          Defendant.          )

MEMORANDUM

I

The above-captioned civil action has been removed to this Court from the Court of Common Pleas of Allegheny County, Pennsylvania. For the reasons set forth below, the case will be remanded to State Court.

II

The brief procedural history of this case may be summarized as follows:

Plaintiff, Jerry Gumbert, commenced this civil action in the Court of Common Pleas of Allegheny County, Pennsylvania by filing a Praecipe for Writ of Summons in a Civil Action.[1] In the Praecipe for Writ of Summons, Plaintiff indicated that Defendant was located in Ohio and that the action arose out of an accident in Allegheny County on September 24, 2007. The case was assigned

---

[1] Under Rule 1007 of the Pennsylvania Rules of Civil Procedure, an action may be commenced by filing with the prothonotary (1) a praecipe for writ of summons, or (2) a complaint.

1

Case Number GD-08-015341, and a Writ of Summons was issued by the Director of the Department of Court Records on July 29, 2008.[2]

On August 27, 2008, prior to the filing of a complaint in Case Number GD-08-015341, Defendant, Tiffin Loader Crane Company, removed the case to this Court on the basis of diversity jurisdiction.[3] Specifically, in the Notice of Removal, Defendant states that "[b]ased upon information and belief, ... complete diversity exists among the parties," and "[b]ased upon information and belief and the Plaintiff's filings in State Court, it is Defendant's understanding that Plaintiff is pursuing some type of product liability claim for personal injuries allegedly sustained on or about September 28, 2007."[4] With respect to the required amount in controversy for diversity jurisdiction, Defendant's counsel submitted an affidavit in which

---

[2] The Writ of Summons merely identifies the State Court, the Plaintiff and his attorney, the Defendant and the docket number assigned to the case and indicates that the Writ of Summons is returnable by August 28, 2008.

[3] Under 28 U.S.C. § 1332, district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

[4] The State Court filing to which this assertion refers is Plaintiff's Praecipe for Writ of Summons in a Civil Action. In the Praecipe, Plaintiff indicates that Defendant is located in Ohio and that the action arises out of an accident which occurred in Allegheny County on September 24, 2007, not September 28, 2007.

2

he states that "the amount in controversy in this action exceeds $75,000 exclusive of interest and costs."

III

The procedure for removal is set forth in 28 U.S.C. § 1446 which provides in relevant part:

**§ 1446. Procedure for removal**

* * *

**(b)** The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

* * *

The issue raised by Defendant's removal of this case from State Court is whether a Writ of Summons is removable under 28 U.S.C. § 1446(b), and the Court readily concludes that it is not. See, e.g., Gervel v. L & J Talent, 805 F.Supp. 308 (E.D.Pa.1992) (Writ of summons used to initiate action in Pennsylvania state court was not "initial pleading" removable to federal court; writ failed to notify defendant of factual allegations on which plaintiff's claims were based, even if writ together with state court docket sheet indicated that diversity jurisdiction might ultimately exist). Under the circumstances, the case will be

remanded to the Court of Common Pleas of Allegheny County, Pennsylvania.

*William L. Standish*
William L. Standish
United States District Judge

Date: August 28, 2008